**RICOH COMPANY, LTD, Plaintiff,**

v.

**AEROFLEX INCORPORATED, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., and Matrox Tech, Inc., Defendants.**

No. Civ.A. 03–103 GMS.

United States District Court, D. Delaware.

Aug. 29, 2003.

Robert W. Whetzel, Richards, Layton & Finger, Wilmington, DE, for Plaintiff.

Francis DiGiovanni, Connolly, Bove, Lodge & Hutz, Robert Scott Saunders, Skadden, Arps, Slate, Meagher & Flom,

George Pazuniak, Josy W. Ingersoll, John W. Shaw, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for Defendants.

### MEMORANDUM AND ORDER

SLEET, District Judge.

## I. INTRODUCTION

On January 21, 2003, the plaintiff, Ricoh Company, Ltd. ("Ricoh") filed the above-captioned patent infringement action against the above-named defendants. In its complaint, Ricoh alleges that each of the defendants infringes its U.S. Patent No. 4,992,432 ("the '432 patent") by "using, offering to sell, and/or by selling and/or importing into the United States application specific integrated circuits designed by or using information generated by, the process" described in the '432 patent.

Presently before the court is the defendants' motion to stay this action, or, in the alternative, to transfer this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404. For the following reasons, the court will grant the defendants' motion to transfer.

## II. BACKGROUND

This case is a patent infringement action involving technology related to the design of application-specific integrated circuits ("ASICS"). ASICS are microelectronic devices that electronics manufacturers design for a specific function, for example, for use in graphics and telecommunications devices.

The defendant Aeroflex Incorporated ("Aeroflex") is a high technology company that designs, develops, manufactures, and markets a diverse range of microelectronics. Its principle place of business is in Plain View, New York. AMI Semiconductor, Inc. ("AMI") is a high technology company that designs, develops, and manufac-tures a broad range of integrated circuit products for a number of end-uses. Its principle place of business is in Idaho. The Matrox defendants are high technology companies that design software and hardware solutions in the fields of graphics, video editing, image processing, and new business media. The Matrox defendants' principle places of business are in Canada, New York, and Florida.

Ricoh is a high technology corporation that manufactures digital office equipment. Its principle place of business is in Japan. While the record does not reflect that Ricoh has any facilities in Delaware, it has six subsidiaries in California, including three within the Northern District of California.

Third-party Synopsys, Inc. ("Synopsys") is a designer and manufacturer of high-level design automation solutions for the design of integrated circuits and electronic systems. Synopsys sells its products, including the Design Compiler at issue in the present case, to semiconductor, computer, communications, consumer electronics, and aerospace companies, including each of the defendants. Its principle place of business is in California.

On July 9, 2002, Synopsys filed a declaratory judgment action against Ricoh in the Northern District of California. Through that action, Synopsys seeks a declaration of non-infringement and invalidity of the '432 patent.

## III. DISCUSSION

■ Section 1404(a) provides that "[f]or convenience of [the] parties and witnesses, in the interest of justice," the court may transfer a civil action "to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). It is the movants' burden to establish the need for transfer, and 'the plaintiff's choice of venue [will]

not be lightly disturbed.' *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted).

When considering a motion to transfer, the court must determine 'whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum.' *Id.* This inquiry requires "a multi-factor balancing test" embracing not only the statutory criteria of convenience of the parties and the witnesses and the interests of justice, but all relevant factors, including certain private and public interests. *Id.* at 875, 879. These private interests include the plaintiff's choice of forum; the defendants' preference; whether the claim arose elsewhere; and the location of books and record, to the extent that they could not be produced in the alternative forum.[1] *Id.* at 879. Among the relevant public interests are: "[t]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." *Id.* at 879–80 (citations omitted).

In the present case, Ricoh disputes that this action could have been brought in the Northern District of California due to a lack of personal jurisdiction over the defendants. While it is not this court's province to determine another court's jurisdiction, and it therefore expresses no opinion on this subject, the court will, however, note the following. The defendants assert that they have each registered to do business with the California Secretary of State or have solicited and made allegedly infringing sales in California. Additionally, as the defendants themselves have stated that litigating this action in California would be more convenient and preferable to them, it does not appear that a California court's exercise of personal jurisdiction over them would offend the minimum requirements inherent in the concept of fair play and substantial justice.

Ricoh next contends that it would be improper to transfer this action to California because the Delaware action is first-filed. While the court does not dispute that this action is first-filed, it concludes that an exception to this rule controls the present inquiry. Under Federal Circuit precedence, a manufacturer's declaratory judgment suit should be given preference over a patentee's suit against the manufacturer's customers when those customers are being sued for their ordinary use of the manufacturer's products. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed.Cir.1990). This rule, known as the "customer suit exception," recognizes that it is more efficient for the dispute to be settled directly between the parties in interest. *See Whelen Tech., Inc. v. Mill Specialties, Inc.*, 741 F.Supp. 715, 716 (N.D.Ill.1990) (noting that the manufacturer is presumed to have a greater interest in defending its actions against charges of patent infringement.) It also acknowledges that a patentee's election to sue customers, rather than the manufacturer itself, is often based on a desire to intimidate smaller businesses. *See Kahn v. General Motors, Corp.*, 889 F.2d 1078, 1081 (Fed.Cir.1989).

---

1. The first three of these private interest collapse into other portions of the *Jumara* analysis. The court, therefore, will consider them in the context of the entire inquiry only. *See*

*Affymetrix, Inc. v. Synteni, Inc., Incite Pharmaceuticals, Inc.*, 28 F.Supp.2d 192 (D.Del. 1998).

In the present case, the court concludes that Ricoh's infringement claims against the defendants are fundamentally claims against the ordinary use of Synopsys' Design Compiler. Thus, the California court's determination regarding infringement and validity of the '432 patent will efficiently dispose of the infringement issues regarding Synopsys' customers in this case. It is clear that, based on the outcome of the California case, either Synopsys will prevail and use of the Design Compiler will be determined to be non-infringing, or Ricoh will prevail, and Synopsis will be forced to pay damages or license the patent. In the latter situation, Synopsys' customers would then be immunized from liability. *See Intel Corp. v. ULSI Sys. Tech., Inc.,* 995 F.2d 1566, 1568 (Fed.Cir.1993). For these reasons, the court finds that the first-filed rule does not control the present inquiry.

■ Upon consideration of the remaining Section 1404 transfer factors, the court concludes that the balance of convenience tips heavily in favor of transfer. In reaching this conclusion, the court relied on the following considerations, among others: (1) no party maintains any facilities, personnel, or documents in Delaware; (2) no acts of alleged infringement have taken place in Delaware; (3) no relevant third-party witnesses, including Synopsys, reside in Delaware;[2] (4) both the present case and the case in the Northern District of California are in the relatively early stages of litigation; (5) the relevant industry, the electronic design automation industry, is located in the Northern District of California; and (6) any disparity in court congestion, to the extent there is

any, is not so great as to weigh against transfer due to the action currently pending in the Northern District. Thus, the court finds that the public and private interests are sufficient to tip the balance of convenience strongly in favor of transfer.[3]

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Defendants' Motion to Transfer (D.I.67) is GRANTED.

2. Ricoh's Request for Leave to File a Sur–Reply (D.I.122) is DENIED.

3. The above-captioned case is hereby TRANSFERRED to the United States District Court for the Northern District of California.

---

**2.** Although Ricoh predicts that Synopsys will cooperate with whatever discovery of it is required in the present action, even though it is not a party, the court finds such an assertion suspect at best.

**3.** As a result of the court's decision to transfer this case, it will not decide the Section 271(g) discovery dispute presently pending before it.